IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-1041-J-25JBT

JEFFREY and JOANNA TOTH,

    Plaintiffs

v.

STELLAR RECOVERY, INC.

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, JEFFREY and JOANNA TOTH ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Flagler, and City of Palm Coast.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, STELLAR RECOVERY, INC. ("Defendant") or ("Stellar") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant called Plaintiffs' residential telephone on August 26, 2011 at 5:18 P.M, and at such time, Defendant left the following message:

> "Yes this message is meant solely for Joanne Toth. My name is Garret Wittey I'm calling you from Stellar Recovery. I need your return phone call today as soon as you get this message at 1-888-638-7048, (inaudible)ext 244. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Thank you."

12. Defendant's above mentioned voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

13. Defendant called Plaintiffs' residential telephone on August 29, 2011 at 2:47 P.M, and at such time, Defendant left a five second inaudible voicemail message in which Defendant

failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

14. In said message, Defendant further failed to notify Plaintiffs that the communication was from a debt collector.

15. Defendant called Plaintiff's residential telephone on August 29, 2011 at 2:49 P.M, and at such time, Defendant left a three second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

16. In said message, Defendant further failed to notify Plaintiffs that the communication was from a debt collector.

## COUNT I

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

20. Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiffs for the purpose of compelling Plaintiffs to communicate with a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

22. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 19th day of October, 2011.

Respectfully submitted,

JEFFREY and JOANNA TOTH

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com