IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-1041-J-25JBT

JEFFREY and JOANNA TOTH

    Plaintiffs,

v.

STELLAR RECOVERY, INC.,

    Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Stellar Recovery, Inc. ("Stellar"), by and through its undersigned counsel, files this Motion to Dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(6).

**INTRODUCTION**

Plaintiffs filed a Complaint in this Court, over three telephone calls, alleging that Stellar violated three subsections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiffs allege that not leaving a message on two occasions is a failure to disclose Stellar's identity and a failure to notify Plaintiffs that the call is from a debt collector, violating §§ 1692d(6) and e(11), and that a message left by Stellar creates a false sense of urgency, violating § 1692e(10). These claims are factually insufficient to state

a claim against Stellar and should be dismissed, with prejudice,[1] pursuant to Rule 12(b)(6). Moreover, no amendment to the Complaint can resolve this deficiency.

## **LEGAL STANDARD**

"'To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions,' instead plaintiffs must 'allege some specific factual basis for those conclusions or face dismissal of their claims.'" *Arriola v. Syndicated Office Sys.*, 2010 WL 717583, *1 (S.D. Fla. Feb. 28, 2010) (citing *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1263 (11th Cir. 2004)). "Even '[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" *Id.* (citing *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002)). "Moreover, the Supreme Court has stated that '[w]hile a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

While a court must accept all *factual allegations* as true, the court does not have to accept *legal conclusions* as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked

---

[1] Because courts must assume that all factual allegations are true when considering a motion to dismiss, for the purpose of this motion only, Stellar accepts Plaintiffs' facts as true. If, however, this motion is not granted, Stellar reserves the right to dispute each and every allegation made by Plaintiffs.

assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Broward Garden Tenants Ass'n v. U.S. E.P.A.*, 157 F.Supp.2d 1329, 1336 (S.D.Fla. 2001).

## LEGAL ARGUMENT

### A.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER 15 U.S.C. §§ 1692d(6) AND 1692e(11) (COUNTS I AND III)

Plaintiffs state that Stellar made two phone calls to Plaintiffs' home, and when no one answered, Stellar did not leave a message. Plaintiffs allege that these two instances of failing to leave a message violate the FDCPA because Stellar did not disclose its identity and did not state that the call was from a debt collector and was an attempt to collect a debt. Plaintiffs' claims fail as a matter of law because there is no requirement that a debt collection agency leave a message. Plaintiffs attempt to dress up their claims by asserting that Stellar left "silent messages," but whether Stellar hung up before the answering machine began to record or after, it simply did not leave a message when Plaintiffs' answering machine picked up.

Plaintiffs are suggesting that not leaving a message is somehow equivalent to a failure to provide meaningful disclosure of the caller's identity and to inform the consumer that the call is from a debt collector. While many Plaintiffs continue to try to assert that failure to leave a message violates various sections of the FDCPA, all the courts, including the Middle District of Florida, that have considered this question, but one, have held that there is no requirement that a message be left and that not leaving a message does not violate any section of the FDCPA. *See e.g. Hicks v. Am.'s Recovery Solutions,* LLC, -- F.Supp.2d --,

2011 WL 4540755, *4, *7 (N.D. Ohio Sept. 29, 2011) (finding persuasive other courts' holdings that there is no requirement that a message be left and that such a requirement would create an inconsistency within the FDCPA); *see also Carman v. The CBE Group, Inc.*, 782 F.Supp.2d 1223 (D.Kan. 2011); *Waite v. Fin. Recovery Servs., Inc.*, 8:09-cv-02336-T-33AEP, 2010 WL 5209350 (Covington, J.) (M.D.Fla. Dec. 16, 2010); *Jiminez v. Accounts Receivable Mgmt., Inc.*, 2010 WL 5829206 (C.D.Cal. Nov. 15, 2010); *Clark v. Quick Collect, Inc.*, 2005 WL 1586862 (D.Or. June 30, 2005); *Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135 (D.Kan. 2004); *but see Langdon v. Credit Mgmt., LP*, 2010 WL 3341860 (N.D.Cal, Feb. 24, 2010) (sole case holding that allegation that failure to leave a message is sufficient to state a claim under §§ 1692d(6), 1692e(10), and 1692e(11)). These decisions make sense in light of that fact that no meaningful disclosure can take place, nor can there be any deceptive means to collect a debt, if no contact was made and no communication occurred.

Plaintiffs' unsubstantiated legal conclusion that hanging up without leaving a message violates any section of the FDCPA is incorrect. None of the sections that Plaintiffs cite require a debt collector to leave a message. In fact, no provision of the FDCPA requires a debt collector to leave a message when it does not reach the debtor. Moreover, the case law is clear that a debt collector has no *right* to leave a message for a debtor. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009) (the FDCPA does not guarantee debt collectors the right to leave a message); *see also Berg v. Merch. Ass'n Collection Div., Inc.*, 586 F.Supp.2d 1336, 1344 (S.D.Fl. 2008) (there is no reason that a debt collector is entitled to leave voice mail messages); *Foti v. NCO Fin. Sys., Inc.*, 424 F.Supp.2d

643, 659 (S.D.N.Y. 2006) (debt collectors are not entitled to use any means to collect a debt; they may not leave a pre-recorded message that violates the FDCPA).  If a debt collector has no right to leave a message, then there certainly can be no *requirement* that a message be left for a debtor.

   1. *Not leaving a message does not violate § 1692d(6) of the FDCPA*

In Count I of Plaintiffs' Complaint, they assert that by not leaving a message on August 29, 2011, at 2:47 p.m. and 2:49 p.m., Stellar failed to disclose its identity and violated § 1692d(6).  Section 1692d(6) of the FDCPA does not require a debt collector to leave a message, and, therefore, does not state that not leaving a message is harassing conduct.  More telling, many courts have held that as a matter of law, not leaving a message is not the kind of harassing conduct that § 1692d(6) is meant to prevent.  *Udell*, 313 F.Supp.2d at 1143 ("When this provision [§ 1692d(6)], however, is read in conjunction with the entirety of § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute.").  *See also Clark*, 2005 WL 1586862, at *4 ("failure to leave a message at Plaintiffs' residence does not by itself violate of [sic] § 1692d"); *Hicks*, 2011 WL 4540755, at *7.

While the *Langdon* court did state that if a debt collector calls and hangs up, then "common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)," 2010 WL 3341860, *2, that case is an outlier.  One court in the Middle District of Florida, when deciding this same question after the *Langdon* decision, has already held that not leaving a message does not violate § 1692d(6).  *Waite*, 2010 WL 5209350, at *5 n. 9.  Additionally, a different California court, deciding a similar question

only a few months later, specifically disagreed with *Langdon*, partially because the case that *Langdon* relied on for its decision did not discuss calls where no message was left. *Jimenez*, 2010 WL 5829206, at *6 (discussing *Hosseinzadeh v. MRS Assoc., Inc.*, 387 F.Supp.2d 1104 (C.D.Cal, 2005) (ruling on requirements when leaving a phone message)). *See also Hicks*, 2011 WL 4540755, at *3-4 (not following *Langdon* and holding that not leaving a message does not violate § 1692e(10)).

Calling Plaintiffs a total of three times, one time leaving a message and not leaving a message the other two times, simply is not the harassing, oppressive, or abusive conduct, which § 1692d seeks to prevent. *See Udell*, 313 F.Supp.2d at 1143-44. In fact, calling three times over a period of three days is not harassing conduct as a matter of law. *Id.* There are no set of facts that Plaintiffs could allege regarding the fact that Stellar called and did not leave a message, that would result in a finding that Stellar violated § 1692d(6). Therefore, Plaintiffs' claim in Count I that Stellar violated § 1692d(6) when it did not leave a message, fails to state a claim for relief. Count I should be dismissed, pursuant to Rule 12(b)(6).

2. *Not leaving a message does not violation § 1692e(11)*

Section 1692e of the FDCPA prohibits any false, deceptive, or misleading representation or means in collecting a debt. 15 U.S.C. § 1692e. Count III of Plaintiffs' Complaint asserts that Stellar used deceptive means in an attempt to collect a debt when it did not leave a message and, therefore, did not state that the call was from a debt collector, violating § 1692e(11). This claim is truly no different from the claim in Count I, that when Stellar chose to not leave a message, it failed to provide the required disclosures. For all the

same reasons set out above, this claim fails to state a claim entitling Plaintiffs to relief and should be dismissed.

Additionally, failing to leave a message is not a false or deceptive means to collect a debt, and aside from *Langdon*, all courts considering this issue have held that there is no violation of § 1692e when no message is left. Under the FDCPA, a communication is "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Although communication is broadly defined under the FDCPA, it still requires the conveying of *some* information to the consumer. *See Foti*, 424 F.Supp.2d at 655. "Deceptive" is not defined by the FDCPA. Merriam-Webster's online dictionary defines "deceive" as, **"**to cause to accept as true or valid what is false or invalid," http://www.merriam-webster.com/dictionary/deceive, and defines "deceptive" as, "tending or having power to deceive; misleading." http://www.merriam-webster.com/dictionary/deceptive. The least sophisticated consumer, the standard under which courts consider whether the FDCPA has been violated, *Hicks* 2011 WL 4540755, at *3, would not be deceived by a phone call that was not answered and where no message was left.

The courts that have considered whether failure to leave a message is deceptive, false, or misleading have been analyzing that claim under § 1692e(10), and their analysis applies equally to Plaintiffs' claim for violation of § 1692e(11). There is no requirement that a debt collector leave a message for a debtor. *Carman*, 782 F.Supp.2d at 1234; *see also Jiminez*, 2010 WL 5829206, at *6; *Hicks*, 2011 WL 4540755, at *4. Therefore, when Stellar did not leave a message for Plaintiffs on August 29, 2011, at either 2:47 p.m. or 2:49 p.m., that choice was in full compliance with the FDCPA and there is no basis for Plaintiffs' assertion

that § 1692e(11) was violated.  *Cf. Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 484 (7th Cir. 1997) ("a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under section 1692f").

There was no communication and, therefore, the requirement in § 1692e(11) was not triggered.  When Stellar chose to not leave a message, no communication occurred; there was no opportunity for Stellar to comply with, or not comply with, § 1692e(11).  Plaintiffs' Count III fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).

**B.      PLAINTIFFS FAIL TO STATE A CLAIM UNDER § 1692e(10) (COUNT II)**

Plaintiffs received a message from Stellar on August 26, 2011, at 5:18 p.m.  Plaintiffs provided the text of that message in their Complaint:

> Yes this message is meant solely for Joanne Toth.  My name is Garret Wittey I'm calling you from Stellar Recovery.  I need your return phone call today as soon as you get this massage at 1-888-638-7048, (inaudible) ext 244.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Thank you.

This message is fully compliant with the FDCPA as a matter of law: it includes Stellar's name, the name of the person calling, and informs the Plaintiffs that the call is an attempt to collect a debt and any information obtained will be used for that purpose.[2]  But because the message also says "I need your return phone call today as soon as you get this message…" Plaintiffs claim that the message created a false sense of urgency, which was a false and deceptive means to attempt to collect the debt and violated § 1692e(10).  This allegation also fails to state a claim for which relief is warranted.

---

[2] It is worth noting that this message is fully compliant with §§ 1692d(6) and 1692e(11).

Nothing in the message left by Stellar creates a false sense of urgency. Plaintiffs knew exactly who was calling and that they were calling to collect a debt. Messages that simply use the terms "immediate," "today," or "urgent," and make it clear who is calling and why, do not violate the FDCPA. *See Foti*, 424 F.Supp.2d at 648, 665-66. In fact, the message left in *Foti* provided less information about the call than that left by Stellar here; it only provided the debt collector's name and stated that they were calling regarding a "personal business matter that requires your immediate attention," and the court found that such a message did not convey a false sense of urgency. *Id*. Stellar asked for a call "today" but did not say "immediate," and informed Plaintiffs that the call was about a debt.

In cases where the court has found a false sense of urgency, far less information was provided. A false sense of urgency can be created when the collector was intentionally vague, specifically in order to get the consumer to call back. *See Leyse v. Corporate Collection Servs., Inc.*, 2006 WL 2708451, at *1, *7 (S.D.N.Y. Apr. 19, 2007) (messages that said "I need a return call tomorrow or today…It's urgent that I speak to you today" and "I have a very important matter to discuss with you," created a false sense of urgency where they did not provide any information to the listener about the purpose of the call; the apparent purpose of such lack "was to be vague enough to provoke the recipient to return the calls in haste"). A false sense of urgency can also be created when the debt collector uses a name that would be recognized by the debtor and suggests that something very important has occurred. *See Thomas v. Consumer Adjustment Company, Inc.*, 579 F.Supp.2d 1290, 1295-6 (E.D.Mo. 2008) (debt collector created a false sense of urgency when he called, spoke to

9

debtor's girlfriend, said his name was the debtor's brother's name, and said he needed to reach the debtor "real quick" and "it's kind of important that I get a hold of him").

Unlike *Thomas* and *Leyse*, the message left by Stellar clearly identified who was calling and that the call was about a debt. The Plaintiffs were fully aware of the purpose of the call and could determine for themselves whether they considered it important enough to return the call that day. Stellar's message provided more information than the message in *Foti*, which the court held did not create a false sense of urgency. *Foti*, 424 F.Supp.2d at 648, 665-66. The message at issue here does not create any false sense of urgency, as a matter of law, and no amendment to the pleadings could change the facts to a situation where a false sense of urgency was created. Plaintiffs' Count II fails to state a claim entitling them to relief and should be dismissed pursuant to Rule 12(b)(6).

## **CONCLUSION**

Plaintiffs' Complaint fails to state any claim upon which relief may be granted. The FDCPA and case law are both clear that choosing to not leave a message does not violate any section of the FDCPA, and therefore, Plaintiffs' claims in Counts I and III that §§ 1692d(6) and 1692e(11) were violated fail to state a claim for relief. There is nothing in the message left on August 26 that would convey a false sense of urgency, as the message plainly stated the purpose for the call and who was calling. Therefore, Plaintiffs' claim in Count II that the message violates § 1692e(10) fails to state a claim for relief. Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.

Additionally, should the Court grant Stellar's Motion, Stellar requests leave of this Court to file any appropriate motions for attorney's fees, sanctions, or other valid remedies.

WHEREFORE, Stellar respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice and on the merits; assess costs and attorney's fees against Plaintiff and Plaintiff's Counsel pursuant to 15 U.S.C. 1692 and/or 28 U.S.C. 1927; and for such further relief as this Court deems appropriate.

/s/ *Sarah L. Shullman*

Sarah L. Shullman, Esq.
Florida Bar No. 0888451
Law Offices of Sarah Shullman, P.A.
12230 Forest Hill Boulevard, Suite 110-E
Wellington, FL 33414
Phone: (561) 227-1545
Facsimile: (561) 227-1510
sarah@shullmanlaw.com
*Trial Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2011, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to Alex D. Weisberg at aweisberg@attorneysforconsumers.com, counsel for Plaintiff.

Alex D. Weisberg
Florida Bar No. 0566551
aweisberg@attorneysforconsumers.com
Weisberg & Meyers, LLC
5722 S. Flamingo Rd., Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

/s/ *Sarah L. Shullman*

Sarah L. Shullman
*Trial Counsel for Defendant*