UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JEFFREY and JOANNA TOTH,**

      Plaintiffs,

v.                             Case No.: **3:11-cv-1041-J-25JBT**

**STELLAR RECOVERY, INC.,**

      Defendant.

_____/

# O R D E R

    **THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint (Dkt. 4); Plaintiff's Opposition thereto (Dkt. 7); Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 21); and Defendant's Opposition thereto (Dkt. 22).

**Background**

    Plaintiffs bring this action, in connection to three phone calls from Defendant, alleging that Defendant violated three subsections of the Fair Debt Collection Practices Act (FDCPA).

    On August 26, 2011, at 5:18 P.M., Defendant called Plaintiffs' residential telephone and left the following message:

        Yes[,] this message is meant solely for Joanne Toth. My name is
        Garret Wittey[.] I'm calling you from Stellar Recovery. I need your

return phone call today as soon as you get this message at 1-888-638-7048, (inaudible) ext[.] 244. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Thank you.

Complaint, Dkt. 1, Para. 11.

Defendant called Plaintiffs' residential telephone on August 29, 2011 at 2:47 P.M., leaving a five second inaudible message (Compl., Dkt. 1, Para. 13) and at 2:49 P.M., leaving a three second silent voicemail message (Id. at 15).

Plaintiffs allege that not leaving a message on two occasions resulted in a failure to disclose Defendant's identity, violating 15 U.S.C. § 1692d(6), and a failure to notify Plaintiffs that the call was from a debt collector, violating 15 U.S.C. § 1692e(11). Plaintiffs also assert that the message left by Defendant on August 26, 2011 created a false sense of urgency, violating 15 U.S.C. § 1692e(10).

Defendant has filed a Motion to Dismiss all three Counts of Plaintiffs' Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

**Motion to Dismiss Standard**

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

2

Once a claim has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). While a court must consider the allegations contained in the Plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claim has "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when considering motions to dismiss, the Court must "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

**Analysis**

After reviewing the filings, the Court finds that Plaintiffs' three Counts are due to be dismissed. As a matter of law, Plaintiffs' allegations do not

plausibly allow the Court to draw the reasonable inference that the

Defendant is liable for the alleged misconduct.

### i.    Counts I and III are due to be Dismissed

Plaintiffs allege that Defendant violated 15 U.S.C. § 1692d(6) (Count

I)[1] and 15 U.S.C. § 1692e(11) (Count III)[2] when Defendant did not leave

messages disclosing its identity, did not state that the call was from a debt

collector, and did not state that the call was an attempt to collect a debt.

(*See* Compl., Dkt. 1, Para. 18, 22). These allegations are related to two

---

[1] Section 1692d(6) provides the following:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

[2] Section 1692e(11) provides that the following conduct violates the FDCPA:

    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

calls made by Defendant on August 29, 2011 at 2:47 P.M. and August 29, 2011 at 2:49 P.M. (*Id.* at Para. 13, 15).

Plaintiffs contend that Defendant left "silent" messages after each of the August 29, 2011 calls and that these "silent" messages violated FDCPA. However, there is no requirement that a message be left after each call. *See Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350, *5, n. 9 (M.D. Fla. 2010) (Covington, J.). When read in isolation, section 1692d(6) does not specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer. *Id.* "When this provision, however, is read in conjunction with the entirety of [section] 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute." *Id.* Thus, Defendant's "silent" messages to Plaintiffs do not appear to have violated sections 1692d(6) and 1692d(11).

Moreover, according to Plaintiffs' Complaint, Defendant left a message on August 26, 2011 at 5:18 P.M. that provided the information that Plaintiffs allege was missing. Defendant disclosed its identity and that the call was from a debt collector. (Compl., Dkt. 1, Para. 11) ("My name is Garret Wittey[.] I'm calling you from Stellar Recovery."). Defendant also stated that the call was an attempt to collect a debt. (*Id.*) ("This is an

attempt to collect a debt."). In addition, Defendant stated in its message

that any information obtained will be used to collect the debt. (*Id.*) ("This is

an attempt to collect a debt. Any information obtained will be used for that

purpose.").

Thus, the Court finds that Counts I and III are due to be dismissed.

### ii.   Count II is due to be Dismissed

As to Plaintiffs' allegations that Defendant violated 15 U.S.C. §

1692e(10) (Count II)[3] when it left a message on August 26, 2011 and

conveyed a false sense of urgency, the Court finds that this Count is also

due to be dismissed.

As aforementioned, Defendant left Plaintiffs a message on August 26,

2011 at 5:18 P.M. Plaintiffs assert that Defendant created a false sense of

urgency when part of its message stated, "I need your return phone call

today as soon as you get this message at 1-888-638-7048, (inaudible)

ext[.] 244." (Compl., Dkt. 1, Para. 11). In this case, a false sense of urgency

was not conveyed by using phrases such as "today" because Defendant

provided pertinent information in its message and specifically stated that

---

[3] Section 1692e(10) prohibits "[t]he use of any false representation or
deceptive means to collect or attempt to collect any debt or to obtain
information concerning a consumer." 15 U.S.C. § 1692e(10).

the call was related to the collection of a debt. *See, e.g., Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 665-666. ("Moreover, a great number of courts have rejected the argument that the urgency conveyed by phrases such as 'immediate attention' by themselves overshadow an otherwise sufficient validation notice.").

As a note, Plaintiffs allege that a part of Defendant's message was "inaudible," however, it appears that the audible part of the message contained compliant FDCPA language.

Thus, the Court finds that Count II is due to be dismissed.

### iii.   Plaintiffs' Motion for Leave to Amend

In a footnote within their Opposition, Plaintiffs appear to request leave to amend their Complaint to add a FDCPA claim based upon Defendant's alleged egregious conduct, such as calling immediately after hanging up. (*See* Dkt. 7, Pg. 13, n. 2). This method for requesting leave to amend a Complaint is highly improper. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

However, the Court permitted Plaintiffs to file a Motion for Leave to File an Amended Complaint and allowed Defendant the opportunity to respond. (*See* Order, Dkt. 20). Attached to Plaintiffs' Motion is a proposed Amended Complaint; the proposed Amended Complaint alleges: violation of the FDCPA at 15 U.S.C. § 1692d (Count I), violation of the FDCPA at 15 U.S.C. § 1692d(5) (Count II), violation of the FDCPA at 15 U.S.C. at 15 U.S.C. § 1692d(6) (Count III), violation of the FDCPA at 15 U.S.C. at 15 U.S.C. § 1692e(10) (Count IV), violation of the FDCPA at 15 U.S.C. § 1692e(11) (Count V), and violation of the FDCPA at 15 U.S.C. § 1692f (Count VI). (*See* Proposed Amended Complaint, Dkt. 21-1).

After reviewing Plaintiffs' Motion for Leave to File an Amended Complaint (Dkt. 21) and Defendant's Opposition to the Motion (Dkt. 22), the Court finds that Plaintiffs' Motion for Leave to File an Amended Complaint is due to be denied for the reasons stated in Defendant's Opposition.

Plaintiffs' proposed Amended Complaint suffers from the same factual and legal deficiencies as Plaintiffs' Complaint. As Defendant argues in its Opposition to Plaintiffs' Motion for Leave, all of the claims in the proposed Amended Complaint are factually deficient and are insufficient to support Plaintiffs' claims. For instance, Plaintiffs request leave to amend their Complaint to allege that two calls, made two minutes apart, show

8

intent to harass, violating sections 1692d and 1692d(5) of the FDCPA. (*See* Dkt. 21-1, Para. 21-24).

Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury; however, courts may resolve the question as a matter of law in appropriate cases. *Waite*, 2010 WL 5209350, at *3. In addition, courts have found that even "daily" calls, unaccompanied by other egregious behavior, "such as calling immediately after hanging up, calling multiple times in a single day, calling places of employment, family, or friends, calling at odd hours, or calling after being asked to stop, is insufficient to raise a triable issue of fact for the jury." *Id.*

In *Waite*, the Defendant placed 132 collection calls to Plaintiff. *Id.* While the Court noted Defendant's 29 calls to Plaintiff in February and Defendant's 27 calls to Plaintiff in March seemed excessive, the call volume in subsequent months was generally lower. *Id.* at *4, n. 5. Thus, the Court found "the record to be lacking of any indicia of the type of egregious conduct raising issued of triable fact when coupled with a high call volume." *Id.* at *4.

In this case, none of the facts in Plaintiff's proposed Amended Complaint plausibly allow the Court to draw the reasonable inference that the Defendant is liable for the alleged misconduct. Thus, allowing

9

amendment of Plaintiffs' Complaint would be futile. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("The district court, however, need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where the amendment would be futile.").

**Conclusion**

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint (**Dkt. 4**) is **GRANTED**.

2. Plaintiff's Motion for Leave to File Amended Complaint (**Dkt. 21**) is **DENIED**.

3. The Clerk is instructed to close this case.

**DONE AND ORDERED** this 27 day of September, 2012.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record

10