IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-1041-HLA-JBT

JEFFREY and JOANNA TOTH

    Plaintiffs,

v.

STELLAR RECOVERY, INC.,

    Defendant.

_____

**DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant, Stellar Recovery, Inc. ("Stellar") by and through its undersigned counsel, hereby files this Motion for Sanctions pursuant to FED. R. CIV. P. 11.[1]

**INTRODUCTION**

Plaintiffs and their attorneys, Weisberg & Meyers ("W&M"), filed a Complaint in this Court, over three telephone calls, alleging that Stellar violated three subsections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiffs claim that Stellar violated the FDCPA by leaving "an inaudible message" and "a silent message," thereby not providing required disclosures, and by leaving a message creating a false sense of urgency. Plaintiffs and W&M should be fully aware that the facts in this case do not support

---

[1] Stellar served this Motion on Plaintiffs on January 18, 2012. On September 27, 2012, this Court granted Stellar's Motion to Dismiss the Complaint. Accordingly, Stellar is hereby filing the instant Motion as a result of Plaintiffs' failure to dismiss their Complaint voluntarily. If this Motion is granted as to Stellar's entitlement to sanctions, Stellar will file appropriate affidavits supporting its attorneys' fees and costs incurred in defending this lawsuit.

1

the claims in Counts I and III and that, in fact, the law clearly holds that none of these actions are a violation of the FDCPA. Plaintiffs and W&M put forth these arguments that have no basis in the law, and no argument to support extending the law to find a violation. Rather, it appears these claims were made for the improper purpose of obtaining money from Stellar through a settlement payment, which would be cheaper than defending itself from these specious claims. Such actions are in direct contravention of Rule 11, and Plaintiffs and their attorneys should be sanctioned and required to pay Stellar's attorneys' fees to defend against this frivolous lawsuit.

## **LEGAL STANDARD**

When an attorney signs a pleading, that attorney is certifying that to the best of his/her knowledge, the pleading is not being presented for any improper purpose and the claims and legal contentions are warranted under the existing law or there is a nonfrivolous argument for extending the law. FED. R. CIV. P. 11(b). Rule 11(c) authorizes a court to impose sanctions if an attorney violates Rule 11(b). *Bell v. Dunn, Johnston & Brown*, 2011 WL 759473, *3 (N.D. Tex. Feb. 7, 2011).

"'[T]hree types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has *no reasonable factual basis;* (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1307 (M.D.Fla. 2010) (Adams, J.) (citing *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912,

915 (11th Cir. 2003) (emphasis in the original). "The standard for testing conduct under Rule 11 is reasonableness under the circumstances." *Id.*

## LEGAL ARGUMENT

W&M contacted Stellar prior to filing suit, asserting that Stellar violated the FDCPA as subsequently alleged in the Complaint. W&M stated that it was seeking to "quickly resolve" the alleged claims for a certain dollar amount. Stellar's counsel responded by providing W&M with a list of cases holding that failure to leave a message does not violate either §1692d(6) or §1692e(11). Stellar's counsel further suggested that there was no basis to file a lawsuit based on these claims. Despite being fully aware that there was no case law supporting the allegations in the letter, and that in fact there were several cases holding no violation existed, Plaintiffs and W&M persisted in filing the instant lawsuit, making those same allegations.

Two claims in the lawsuit are based on the assertion that there were two "messages" left, where nothing was said, and so the required disclosures were not made, violating the FDCPA. These claims form the basis of this motion for sanctions.

**Failure to Leave a Message, Without More, Is Not a Violation of the FDCPA.**

The case law is very clear that failing to leave a message is not a violation of the FDCPA. *See e.g. Hicks v. Am.'s Recovery Solutions,* LLC, -- F.Supp.2d --, 2011 WL 4540755, *4, *7 (Sept. 29, 2011) (finding persuasive other courts' holdings that there is no requirement that a message be left and that such a requirement would create an inconsistency within the FDCPA); *see also Carman v. The CBE Group, Inc.*, 782 F.Supp.2d 1223 (D.Kan. 2011); *Jiminez v. Accounts Receivable Mgmt., Inc.*, 2010 WL 5829206 (C.D.Cal. Nov. 15,

2010); *Clark v. Quick Collect, Inc.*, 2005 WL 1586862 (D.Or. June 30, 2005); *Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135 (D.Kan. 2004).  In fact, this Court has noted that not only does failing to leave a message typically relate to a §1692d(6) claim (as opposed to §1692e(11)), but also that not leaving a message is "clear[ly] . . . not the type of harassing, oppressive, or abusive conduct that violates the statute.  *See Waite v. Fin. Recovery Servs., Inc.*, 2010 WL 5209350 at *16, n. 9, 8:09-cv-02336-T-33AEP (M.D.Fla. Dec. 16, 2010) (Covington, J.).

While Plaintiffs and their attorneys claim that the *Langdon* decision supported their allegations regarding the inaudible and silent messages, a close review of *Langdon* and other cases shows this assertion is invalid.  *See Langdon v. Credit Mgmt., LP*, 2010 WL 3341860 (N.D.Cal. Feb. 24, 2010).  In *Langdon*, the court stated that "[i]f, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)…" *Id*. at *2.  The *Langdon* court relied on the *Hosseinzadeh* case *v MRS Assocs., Inc.*, 387 F.Supp. 1104 (C.D.Cal. 2005) to support its reasoning. *Id*.  However, the *Hosseinzadeh* case was ruling on required disclosures *when a message was left*, not when the collector chose to not leave a message.  387 F.Supp. at 1112.  As such, it did not support or refute the decision made in *Langdon*.

Another California court, ruling on this issue shortly after the *Landgon* case was decided, "decline[d] to follow the reasoning of the court in *Langdon*" and stated that "the *Landgon* court ostensibly relied on *Hosseinzadeh* to support its holding, but that case does not provide that a collector who calls and hangs up without leaving a voicemail message

violates the FDCPA." *Jiminez*, 2010 WL 5829206 at *6.  The *Jiminez* court goes on to say that *Hosseinzadeh* "simply provides that if a collector decides to leave a voicemail message, the collector must disclose its identity and the nature of its business in the message.  **A debt collector is not required to leave a voicemail message under the FDCPA.**"  *Id*. (internal citation omitted; emphasis added).  Moreover, as set out above, many courts have held that a debt collector's choice to not leave a message does not violate the FDCPA.  Because this claim is not viable, Plaintiffs and their attorney wrongfully brought it, hoping to survive a motion to dismiss, even knowing their claim would ultimately fail, solely to try to force Stellar to pay them money to settle an invalid claim.

  W&M attempted to circumvent this issue by characterizing one message as an "inaudible message" and one as a "silent message."  However, neither an inaudible message nor a silent message is a message or communication under the FDCPA.  *Cf., Carman*, 782 F.Supp.2d at 1233-35.

  W&M was or should have been fully aware that the existing law does not support a finding that either of these actions were a violation, and that enough courts have considered this question that there is no good faith basis for arguing that this Court would find otherwise.  Whether the above cases were decided on motions to dismiss or motions for summary judgment does not change the fact that the claims in this case would ultimately fail.  W&M cannot avoid violation of Rule 11 by arguing that the claims might survive a motion to dismiss, if they would ultimately fail on a motion for summary judgment.

  In light of the non-sustainability of the allegations in this lawsuit, the only possible reason W&M could have to put forth these claims is for the improper purpose of getting

Stellar to pay some amount to make this case go away, on the assumption that it would be cheaper to settle than to fight and vindicate itself. Both of these circumstances warrant a finding that W&M violated Rule 11 and that sanctions are appropriate. "The purpose of the rule is to 'deter baseless filings in district court', and 'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits.'" *Bell*, 2011 WL 759473, at *3 (internal citations omitted). Here, Stellar and this Court have been subject to a frivolous lawsuit.

## CONCLUSION

Counts I and III of Plaintiffs' Complaint fail to state any valid claim for a legitimate FDCPA violation. W&M knew that the lawsuit it filed with these claims on Plaintiffs' behalf was baseless and that the claims were not warranted under the existing law. Therefore, it appears Plaintiffs' and W&M's only reason for filing this lawsuit and alleging Counts I and III was the improper purpose of pushing Stellar to settle this case, paying W&M for its work on a frivolous case, on the assumption that Stellar would pay to settle because the cost of defense would be so much higher. Therefore, this Court should sanction Plaintiffs and W&M and require them to pay Stellar's attorneys' fees and costs in defending this matter.

WHEREFORE, Stellar respectfully requests that this Court enter an Order finding that Plaintiffs and W&M violated FED. R. CIV. P. 11; require Plaintiffs and W&M to pay all of Stellar's attorneys' fees and costs for defending against the lawsuit and filing and pursuing this Motion for Sanctions; and for such further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Sarah L. Shullman
_____

Sarah L. Shullman, Esq.
Florida Bar No. 0888451
Law Offices of Sarah Shullman, P.A.
12230 Forest Hill Boulevard, Suite 110-E
Wellington, FL 33414
Phone:  (561) 227-1545
Facsimile: (561) 227-1510
sarah@shullmanlaw.com
*Trial Counsel for Defendant*

Rachel B. Ommerman, Esq.
Kansas Bar No. 21868
Berman & Rabin, P.A.
15280 Metcalf
Overland Park, KS 66223
Phone: 913-649-1555
Facsimile: 913-652-9474
Rommerman@bermanrabin.com
*Co-Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2012, I served the foregoing Motion by electronic mail on counsel for Plaintiffs, and on this 27th day of September, 2012, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to Alex D. Weisberg at aweisberg@attorneysforconsumers.com, counsel for Plaintiff.

    Alex D. Weisberg
    Florida Bar No. 0566551
    aweisberg@attorneysforconsumers.com
    Weisberg & Meyers, LLC
    5722 S. Flamingo Rd., Ste. 656
    Cooper City, FL 33330

/s/ Sarah L. Shullman
_____

Sarah L. Shullman
*Trial Counsel for Defendant*