## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JEFFREY and JOANNA TOTH**,

      Plaintiffs,

v.                                            Case No.: **3:11-cv-1041-J-25JBT**

**STELLAR RECOVERY, INC.**,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Stellar Recovery, Inc.'s Motion for Sanctions Pursuant to Rule 11 (Dkt. 26), Plaintiffs Jeffrey Toth and Joanna Toth's Response in Opposition thereto (Dkt. 28), Defendant's Motion for Attorneys' Fees (Dkt. 27), Plaintiffs' Response thereto (Dkt. 32), Plaintiffs' Motion to Alter or Amend Pursuant to Fed. R. Civ. P. 59(e) (Dkt. 28), and Defendant's Response in Opposition thereto (Dkt. 31).

**Background**

      Plaintiffs filed their original Complaint  (Dkt. 1) on October 21, 2011, in connection to three phone calls from Defendant, alleging that Defendant violated three subsections of the Fair Debt Collection Practices Act (FDCPA).  On December 5, 2011, Defendant filed its Motion to Dismiss

(Dkt. 4).  Plaintiffs filed their Response in Opposition to Defendant's Motion

to Dismiss (Dkt. 7) and subsequently filed a Motion for Leave to File an

Amended Complaint (Dkt. 21).  On September 27, 2012, Plaintiffs'

Complaint was dismissed for being factually deficient and insufficient to

support Plaintiffs' claims (Dkt. 25).  Moreover, this Court found Plaintiffs'

proposed Complaint suffered from the same factual and legal deficiencies

and denied Plaintiffs' Motion for Leave to File an Amended Complaint.

## SANCTIONS

*Attorneys' Fees Pursuant 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927*

Defendant argues Plaintiffs and their attorneys brought this case in

bad faith and for the purpose of harassment.  Defendant notes that

Plaintiffs have brought several other suits against various debt collectors

and assert that Plaintiffs' claims have no legal or factual basis.

Next, Defendant argues that Plaintiffs and their attorneys multiplied

the proceedings unreasonably and vexatiously in violation of 28 U.S.C. §

1927 when they pursued Plaintiffs' claims against Defendant

notwithstanding Defendant's warnings their claims were without merit.

Further, Defendant provided Plaintiffs' attorneys with several cases holding

2

that a debt collector's failure to leave a message does not violate any

section of the Fair Debt Collection Practices Act (FDCPA).

28 U.S.C. § 1927 provides, "Any attorney or other person admitted to

conduct cases in any court of the United States or any Territory thereof

who so *multiplies* the proceedings in any case *unreasonably* and

*vexatiously* may be required by the court to satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." (emphasis added).

*Rule 11 Sanctions*

Defendant asserts that Rule 11 sanctions are proper because

Plaintiffs and their attorneys put forth arguments having no basis in law.

Specifically, Defendants claim that: (1) Plaintiffs were aware that no case

law supports their claims; (2) several cases hold that a debt collector's

failure to leave a voice message does not constitute a violation of the

FDCPA; and (3) Plaintiffs' filed their claims with the improper purpose of

getting a settlement based on the assumption that it would be cheaper for

Defendant to settle than to litigate.

"[T]hree types of conduct warrant rule 11 sanctions; (1) when a party

files a pleading that has *no reasonable factual basis*; (2) when a party files

3

a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). The standard for testing conduct under Rule 11 is reasonableness under the circumstances. *Id.*

Further, "[s]anctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citation omitted).

Even though this Court dismissed Plaintiffs' Complaint after reviewing the filings, Plaintiffs' Complaint is not completely without color. In Counts I and III Plaintiffs argue that the inaudible and "silent" messages left by Defendant's agents were not completely blank and constitute improper messages in violation of the FDCPA. The Parties were unable to produce case law on this specific matter thereby making it novel. Further, the inaudible portion of the message in Count II distinguishes the message from those held to not violate the FDCPA because Plaintiffs were unable to ascertain the content of that section of the message for comparison.

Therefore, while Defendant's Motion to Dismiss was ultimately granted, the Court finds that Plaintiffs' interpretation of the law and facts do not warrant Rule 11 sanctions in this case.  *See Riccard*, 307 F.3d 1277 (11th Cir. 2002).

**Plaintiffs' Rule 59(e) Motion**

Plaintiffs' rule 59(e) motion seeks to have the Court reverse its decision to dismiss Plaintiffs' Complaint.  Plaintiffs argue that the opinion of Defendant's Chief Operating Officer regarding an inaudible message left on Plaintiffs' answering machine constitutes newly discovered evidence even though Plaintiffs' were in possession of this recording prior to and throughout these proceedings.

In sum, Plaintiffs' Rule 59 motion is due to be denied. Plaintiffs fail to produce newly discovered evidence or demonstrate a manifest error of law or fact. Plaintiffs' motion is simply an attempt to relitigate an issue fully briefed in response to Defendant's Motion to Dismiss.

Accordingly, it is **ORDERED:**

1.    Defendant Stellar Recovery, Inc.'s Motion for Rule 11 Sanctions (Dkt. 26) is **DENIED**;

2.    Defendant Stellar Recovery, Inc.'s Motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2), 15 U.S.C. § 1692k(a)(3), and U.S.C. §1927 (Dkt. 27) is **DENIED**;

3.    Plaintiffs' Jeffrey Toth and Joanna Toth's Motion to Alter or Amend pursuant to Fed. R. Civ. P. 59(e) is **DENIED**;

4.    The Clerk is instructed to close this case; all pending motions are **MOOT**.

**DONE AND ORDERED** this ___6___ day of ____December____, 2012.

                                        **HENRY LEE ADAMS, JR.**
                                        United States District Judge

Copies to:  Counsel of Record

6